JDL:AAS/DMP
F.#2008R00631/OCDETF#NY-NYE-629

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

███████████████████████
███████████████████████
NOLBERTO MOREL,
    also known as "Boonie,"
FRANCISCO PRADO,
    also known as "El Viejo,"
████████████████ and
JOSE TEJADA,

              Defendants.

- - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 08-242 (S-9)(SLT)
(T. 21, U.S.C., §§
841(a)(1),
841(b)(1)(A)(i),
841(b)(1)(A)(ii)(II),
841(b)(1)(B)(ii)(II),
841(b)(1)(C),
841(b)(1)(D), 846, 853(a)
and 853(p); T. 18, U.S.C.,
§§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii),
924(c)(1)(A)(iii),
924(c)(1)(C), 924(d)(1),
981(a)(1)(C), 1951(a),
2511(1)(b)(i), 2511(4)(a),
2 and 3551 et seq.; T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Hobbs Act Robbery Conspiracy)

    1.    On or about and between January 1, 2001 and March 12, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ████ ████████████████████████ NOLBERTO MOREL, also known as "Boonie," FRANCISCO PRADO, also known as "El Viejo," ███████████████ and JOSE TEJADA, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in

2

commerce, by robbery, to wit: the robbery of drug traffickers and the owners, employees and patrons of commercial establishments in New York and elsewhere.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT TWO
(Conspiracy to Distribute Heroin, Cocaine, MDMA and Marijuana)

2. On or about and between January 1, 2001 and March 12, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ NOLBERTO MOREL, also known as "Boonie," FRANCISCO PRADO, also known as "El Viejo," ▬▬▬▬▬▬▬ and JOSE TEJADA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) one kilogram or more of a substance containing heroin, a Schedule I controlled substance, (b) five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, (c) a substance containing MDMA, a Schedule I controlled substance, and (d) a substance containing

3

marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

COUNT THREE
(Unlawful Use of a Firearm)

3. On or about and between January 1, 2001 and March 12, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████ ████████████████████████████ NOLBERTO MOREL, also known as "Boonie," FRANCISCO PRADO, also known as "El Viejo," ████████████████ and JOSE TEJADA, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to (a) a crime of violence, to wit: the crime charged in Count One, and (b) a drug trafficking crime, to wit: the crime charged in Count Two, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence and such drug trafficking crime, which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

4

COUNT FOUR
(Attempted Hobbs Act Robbery)

4. On or about and between March 1, 2006 and May 31, 2006, both dates being approximate and inclusive, within the Southern District of New York, the defendant ███████████ ██████████████████████████████ together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker in the vicinity of Grand Concourse and Mosholu Parkway in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT FIVE
(Attempt to Distribute Cocaine)

5. On or about and between March 1, 2006 and May 31, 2006, both dates being approximate and inclusive, within the Southern District of New York, the defendant ███████████ ██████████████████████████████ together with others, did knowingly and intentionally attempt to distribute and possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a

5

Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(Unlawful Use of Firearm)

6. On or about and between March 1, 2006 and May 31, 2006, both dates being approximate and inclusive, within the Southern District of New York, the defendant ███████████████████████████████████ together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to (a) a crime of violence, to wit: the crime charged in Count Four, and (b) a drug trafficking crime, to wit: the crime charged in Count Five, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence and such drug trafficking crime, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT SEVEN
(Hobbs Act Robbery)

7. On or about September 9, 2006, within the Southern District of New York, the defendant ███████████████

███████████████ together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker in the vicinity of 2829 Sedwick Avenue in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT EIGHT
(Unlawful Use of Firearm)

8.  On or about September 9, 2006, within the Southern District of New York, the defendant ████████████████████████ ███████████████ together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Seven, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT NINE
(Hobbs Act Robbery)

9.  On or about and between September 1, 2007 and December 31, 2007, both dates being approximate and inclusive, within the District of New Jersey, the Eastern District of

Pennsylvania and the Southern District of New York, the defendant ██████████████████████████████████████ together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker in Philadelphia, Pennsylvania.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT TEN
(Distribution of Heroin)

10. On or about and between September 1, 2007 and December 31, 2007, both dates being approximate and inclusive, within the District of New Jersey, the Eastern District of Pennsylvania and the Southern District of New York, the defendant ██████████████████████████████████████ together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

                                                                8

## COUNT ELEVEN
### (Distribution of Marijuana)

11.  On or about and between March 1, 2008 and May 31, 2008, both dates being approximate and inclusive, within the Southern District of New York, the defendant ██████████ ██████████████████████████████ together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWELVE
### (Hobbs Act Robbery)

12.  On or about and between March 1, 2008 and August 31, 2008, both dates being approximate and inclusive, within the Southern District of New York, the defendant ██████████ ██████████████████████████████ together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker in the vicinity of Pelham Parkway in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT THIRTEEN
(Interception of Oral Communications)

13. On or about and between March 1, 2008 and August 31, 2008, both dates being approximate and inclusive, within the Southern District of New York, the defendant ███████████████████████████████████████ together with others, did knowingly and intentionally use, endeavor to use and procure another person to use and endeavor to use an electronic device, to wit: a cellular telephone, to intercept oral communications of occupants of a Volkswagen Jetta sedan with New York license plates.

(Title 18, United States Code, Sections 2511(1)(b)(i), 2511(4)(a), 2 and 3551 et seq.)

COUNT FOURTEEN
(Hobbs Act Robbery)

14. On or about and between May 1, 2008 and August 31, 2008, both dates being approximate and inclusive, within the Southern District of New York, the defendant ███████████████████████████████████████ together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker in the vicinity of Gun Hill Road in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

10

COUNT FIFTEEN
(Hobbs Act Robbery)

15.  On or about and between May 1, 2008 and August 31, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ███ ███████████████████████████ together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker in the vicinity of the Bronx Annex in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT SIXTEEN
(Distribution of Heroin)

16.  On or about and between May 1, 2008 and August 31, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ███ ███████████████████████████ together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

11

## COUNT SEVENTEEN
(Hobbs Act Robbery)

17. On or about and between May 1, 2008 and August 31, 2008, both dates being approximate and inclusive, within the Southern District of New York, the defendant ███████████████████████████████████████ together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker in the vicinity of Crotona Park in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT EIGHTEEN
(Attempt to Distribute Cocaine)

18. On or about and between May 1, 2008 and August 31, 2008, both dates being approximate and inclusive, within the Southern District of Florida and the Southern District of New York, the defendant ███████████████████████████████████ together with others, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a

substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINETEEN
(Interception of Oral Communications)

19. On or about and between May 1, 2008 and August 31, 2008, both dates being approximate and inclusive, within the Southern District of Florida and the Southern District of New York, the defendant ███████████████████████ ████████ together with others, did knowingly and intentionally use, endeavor to use and procure another person to use and endeavor to use an electronic device, to wit: a cellular telephone, to intercept oral communications of occupants of a Honda Odyssey minivan with Pennsylvania license plates.

(Title 18, United States Code, Sections 2511(1)(b)(i), 2511(4)(a), 2 and 3551 et seq.)

## COUNT TWENTY
(Distribution of Heroin)

20. On or about and between November 1, 2008 and March 1, 2009, both dates being approximate and inclusive, within the District of Delaware, the District of Maryland, the District of New Jersey and the Southern District of New York, the defendant ████████████████████████████████████████ together with

13

others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO HOBBS ACT ROBBERY OFFENSES

21. The United States hereby gives notice to the defendants charged with Hobbs Act Robbery offenses (Counts One, Four, Seven, Nine, Twelve, Fourteen, Fifteen and Seventeen) that, upon conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to, forfeiture of a sum of money equal to at least approximately $2,000,000.00 in United States currency, for which the defendants are jointly and severally liable.

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

14

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO NARCOTICS TRAFFICKING OFFENSES

23. The United States hereby gives notice to the defendants charged with narcotics trafficking offenses (Counts Two, Five, Ten, Eleven, Sixteen, Eighteen and Twenty) that, upon conviction of such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853,

which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including but not limited to, the following:

<u>MONEY JUDGMENT</u>

(a)  a sum of money equal to at least approximately $2,000,000.00 in United States currency, for which the defendants are jointly and severally liable;

<u>SPECIFIC PROPERTY</u>

(b)  all right, title and interest in a 1999 Dodge Caravan vehicle, New York license plate number EGK3888, seized by law enforcement personnel on or about March 27, 2008;

(c)  all right, title and interest in a 2001 Chrysler Town and Country vehicle, New York license plate number EFY5201, seized by law enforcement personnel on or about March 27, 2008;

(d)  all right, title and interest in a 1998 BMW 528I vehicle, Pennsylvania plate number GXM2045, seized by law enforcement personnel on or about March 27, 2008; and

(e)  all right, title and interest in a 2001 Chrysler 300M vehicle, Pennsylvania plate number HBT3496, seized by law enforcement personnel on or about September 17, 2009.

16

24. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO UNLAWFUL USE OF FIREARM OFFENSES

25. The United States hereby gives notice to the defendants charged with unlawful use of firearm offenses (Counts Three, Six and Eight) that, upon conviction of such offenses, the government will seek forfeiture in accordance with Title 18,

United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924, or any violation of any criminal law of the United States.

      26.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)   cannot be located upon the exercise of due diligence;

      (b)   has been transferred or sold to, or deposited with, a third party;

      (c)   has been placed beyond the jurisdiction of the court;

      (d)   has been substantially diminished in value; or

      (e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK