EMN:AAS
F.#2008R00631/OCDETF#NY-NYE-629

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

JOSE TEJADA,

       Defendant.

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 08-242 (S-11)(SLT)
(T. 18, U.S.C.,
§§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii),
924(d)(1), 981(a)(1)(C),
1503(a), 1503(b)(3),
1512(c)(2), 1512(k),
1951(a), 2 and 3551
et seq.; T. 21, U.S.C.,
§§ 841(b)(1)(A)(i),
841(b)(1)(A)(ii)(II),
841(b)(1)(D), 846, 853(a)
and 853(p); T. 28, U.S.C.,
§ 2461(c))

- - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

      At all times relevant to this Superseding Indictment:

INTRODUCTION

I.   The Robbery Crew

      1.   Between 2001 and 2009, within the Eastern District of New York and elsewhere, a group of individuals posing as police officers (hereafter, the "Robbery Crew") engaged in a series of violent robberies and attempted robberies targeting narcotics traffickers. During these robberies, members of the Robbery Crew forcibly seized property such as contraband and currency from narcotics traffickers, who often were physically restrained. Sometimes, Robbery Crew members brandished firearms and assaulted

their victims.  The Robbery Crew was responsible for more than 100 armed robberies of narcotics traffickers that netted more than 250 kilograms of cocaine and $1 million in narcotics proceeds.

II.  The Defendant

2.    The defendant JOSE TEJADA was a police officer with the New York City Police Department (hereafter, the "NYPD"), assigned to the 28th Precinct in Harlem.

3.    In or about 2006 and 2007, the defendant JOSE TEJADA personally participated in at least three robberies and attempted robberies with the Robbery Crew that netted multiple kilograms of cocaine.  While participating in these robberies and attempted robberies, TEJADA was on active duty and in uniform.  In one instance, TEJADA restrained a narcotics trafficker, from whom Robbery Crew members had seized multiple kilograms of cocaine, while TEJADA was seated in his official NYPD police car.  In another, TEJADA used his status as a police officer to gain entry into a private residence.  Once inside, TEJADA brandished his service weapon at a family of victims.

4.    The defendant JOSE TEJADA used his status as a police officer to obtain NYPD equipment and paraphernalia for the Robbery Crew to use in robberies so that they could pose as law enforcement.  TEJADA also granted Robbery Crew members access to his apartment in Manhattan, which TEJADA stocked with NYPD paraphernalia and equipment for drug robberies.  At times, Robbery

Crew members used such equipment and paraphernalia during robberies.

III. The Grand Jury Investigation

     5. On or about March 27, 2008, federal law enforcement officers arrested eight members of the Robbery Crew (hereafter, the "Arrested Crew Members"). Immediately thereafter, a Grand Jury sitting in the Eastern District of New York initiated an investigation of the Robbery Crew, including the defendant JOSE TEJADA. The Arrested Crew Members, as well as numerous other members of the Robbery Crew, have been prosecuted in the Eastern District of New York.

IV. The Obstruction of Justice

     6. In addition to personally participating in robberies and attempted robberies, the defendant JOSE TEJADA obstructed justice by helping members of the Robbery Crew evade arrest. Beginning in or about 2006, TEJADA searched law enforcement databases (hereafter, "the databases") to determine whether there were active arrest warrants for Robbery Crew members. TEJADA told the Robbery Crew members what he learned from such searches.

     7. After the March 27, 2008 apprehension of the Arrested Crew Members, several members of the Robbery Crew fled from the United States in order to evade prosecution (hereafter, the "Fugitive Crew Members"). The defendant JOSE TEJADA helped some of the Fugitive Crew Members avoid arrest by searching the

4

databases for active warrants in their names. On or about January
13, 2009, TEJADA used the databases to search for warrants in the
names of several of the Fugitive Crew Members. Using the
information he learned, TEJADA advised the Fugitive Crew Members
whether they could re-enter the United States without the risk of
arrest. On or about January 13, 2010, TEJADA ran his own name
through the databases for active warrants.

COUNT ONE
(Hobbs Act Robbery Conspiracy)

8. The allegations in paragraphs one through seven
are realleged and incorporated as if fully set forth in this
paragraph.

9. In or about and between January 2001 and March
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant JOSE
TEJADA, together with others, did knowingly and intentionally
conspire to obstruct, delay and affect commerce, and the movement
of articles and commodities in commerce, by robbery, to wit: the
robbery of drug traffickers.

(Title 18, United States Code, Sections 1951(a) and 3551
et seq.)

5

COUNT TWO
(Conspiracy to Distribute Heroin, Cocaine and Marijuana)

10.   The allegations in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

11.   In or about and between January 2001 and March 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSE TEJADA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) one kilogram or more of a substance containing heroin, a Schedule I controlled substance, (b) five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, and (c) a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

COUNT THREE
(Unlawful Use of a Firearm)

12.   The allegations in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

13.   In or about and between January 2001 and March 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSE TEJADA, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to (a) a crime of violence, to wit: the crime charged in Count One, and (b) a drug trafficking crime, to wit: the crime charged in Count Two, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence and such drug trafficking crime, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT FOUR
(Obstruction of Justice)

14.   The allegations in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

15.   In or about and between January 2006 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSE TEJADA, together with others, did knowingly, intentionally and corruptly endeavor to influence, obstruct and impede the due

administration of justice in an official proceeding, to wit: a Federal Grand Jury investigation in the Eastern District of New York.

(Title 18, United States Code, Sections 1503(a), 1503(b)(3), 2 and 3551 et seq.)

<u>COUNT FIVE</u>
(Obstruction of Justice)

16.  The allegations in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

17.  In or about and between January 2006 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSE TEJADA, together with others, did knowingly, intentionally and corruptly obstruct, influence and impede, and attempt to obstruct, influence and impede, an official proceeding, to wit: a Federal Grand Jury investigation in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(2), 2 and 3551 et seq.)

<u>COUNT SIX</u>
(Conspiracy to Obstruct Justice)

18.  The allegations in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

8

19.   In or about and between January 2006 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSE TEJADA, together with others, did knowingly, intentionally and corruptly conspire to obstruct, influence and impede an official proceeding, to wit: a Federal Grand Jury investigation in the Eastern District of New York, contrary to Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

20.   The United States hereby gives notice to the defendant that, upon conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense, or a conspiracy to commit such offense, including but not limited to, forfeiture of a sum of money equal to at least approximately $2,000,000.00 in United States currency, for which the defendant is jointly and severally liable.

21.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

22.  The United States hereby gives notice to the defendant that, upon conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title

21, United States Code, Section 853, which requires any person
convicted of such offense to forfeit any property constituting,
or derived from, proceeds obtained, directly or indirectly, as a
result of such offense, and any property used, or intended to be
used, in any manner or part, to commit, or to facilitate the
commission of such offense, including but not limited to,
forfeiture of a sum of money equal to at least approximately
$2,000,000.00 in United States currency, for which the defendant
is jointly and severally liable.

23. If any of the above-described forfeitable
property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due
diligence;

(b) has been transferred or sold to, or deposited
with, a third party;

(c) has been placed beyond the jurisdiction of
the court;

(d) has been substantially diminished in value;
or

(e) has been commingled with other property which
cannot be divided without difficulty;
it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any

11

other property of the defendant up to the value of the
forfeitable property described in this forfeiture allegation.

        (Title 21, United States Code, Sections 853(a) and
853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT THREE

        24.   The United States hereby gives notice to the
defendant that, upon conviction of the offense charged in Count
Three, the government will seek forfeiture in accordance with
Title 18, United States Code, Section 924(d) and Title 28, United
States Code, Section 2461(c), which require the forfeiture of any
firearm or ammunition involved in or used in any knowing
violation of Title 18, United States Code, Section 924, or any
violation of any criminal law of the United States.

        25.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendant:

        (a)   cannot be located upon the exercise of due
diligence;

        (b)   has been transferred or sold to, or deposited
with, a third party;

        (c)   has been placed beyond the jurisdiction of
the court;

        (d)   has been substantially diminished in value;
or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2008R00631/OCDETF#NY-NYE-629

FORM DBD-34

JUN. 85

No. <u>08-CR-242 (S-11) (SLT)</u>

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

**JOSE TEJADA,**

Defendant.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i),  924(c)(1)(A)(ii), 924(d)(1), 981(a)(1)(C), 1503(a), 1503(b)(3), 1512(c)(2), 1512(k), 1951(a), 2 and 3551 <u>et</u> <u>seq</u>.; T. 21, U.S.C., §§ 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(D), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Foreman*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Clerk*

*Bail,* $ _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**Douglas M. Pravda, Assistant United States Attorney, (718) 254-6268**