UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-

JOSE TEJADA,

              Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 08-cr-242-26

*Appearances*:
*For the United States*:
BREON PEACE
United States Attorney
Eastern District of New York
By: DOUGLAS M. PRAVDA
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

*For the Defendant*:
JOSE TEJADA (PRO SE)

**BLOCK, Senior District Judge:**

On September 12, 2022, Jose Tejada filed his second motion seeking a reduced sentence under 18 U.S.C. 3582(c)(l)(A). For the following reasons, Tejada's motion is denied without prejudice to renew the motion should his circumstances change.

Tejada was a New York City Police Department Officer who was sentenced to 18 years of incarceration in March 2015 for his role in a robbery crew that targeted narcotics traffickers. A jury convicted him of Hobbs Act robbery conspiracy,

1

conspiracy to traffic narcotics, obstruction of justice and conspiracy to obstruct justice. Tejada is eligible for release in September 2028.

On July 19, 2021, the Court denied Tejada's first motion for a reduced sentence under the First Step Act because (i) Amendment 782, which the U.S. Sentencing Commission enacted in 2014 to lower drug sentences, took effect before his sentence was imposed and therefore he had already benefited from any potential reductions under that amendment, (ii) because rehabilitation alone is not considered an extraordinary and compelling reason for release, and (iii) because Tejada otherwise failed to demonstrate that he was entitled to compassionate release under 18 U.S.C. 3582(c)(l)(A).

Now, Tejada moves pro se for a reduced sentence because of (i) risks associated with COVID-19 combined with an underlying health condition and (ii) changes in sentencing law. The Court has carefully considered the parties' arguments and the controlling legal framework and is unpersuaded that Tejada has presented "extraordinary and compelling reasons" justifying his release or a reduction in his sentence at this time. *United States v. Brooker*, 976 F.3d 228, 237 (2d. Cir 2020).

The parties do not dispute that Tejada has exhausted his administrative remedies, and therefore the Court moves to a discussion of extraordinary and compelling circumstances presented by Tejada.

First, Tejada argues that because he is clinically obese, he is at greater risk of developing serious complications if he contracts COVID-19. While Tejada is on the borderline of the obesity threshold according to the body mass index chart, he has already contracted and recovered from COVID-19 with no report of significant or long-term symptoms. Tejada has also been vaccinated against the virus, including with a booster dose. Courts in this circuit have denied motions that rely primarily on potential COVID complications on this basis. *See United States v. Folkes*, No. 18-CR-257 (KAM), 2022 WL 1469387, at *6 (E.D.N.Y. May 10, 2022) (collecting cases); *see also United States v. Russo*, No. 92-CR-351 (FB), 2022 WL 17247005, at *5 (E.D.N.Y. Nov. 28, 2022) (stating that although vaccination status is not dispositive, motions for compassionate release relying solely on potential complications from COVID-19 typically fail when the defendant has been vaccinated).

Next, Tejada argues that the sentencing enhancement which applied at the time for his use of body armor during a crime of violence, which was predicated on conspiracy charges, would no longer apply today since conspiracy is no longer a crime of violence under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Although it is true that district court judges may consider changes in sentencing law when re-sentencing a defendant, *See Concepcion v. United States*, 142 S. Ct. 2389 (2022); *Russo*, 2022 WL 17247005, at *6, the extrapolation of the *Dimaya* court's void for vagueness finding does not apply here. *Dimaya* concerns the definition of a crime of

3

violence in the federal criminal code as incorporated into the Immigration and Nationality Act. However, the case at bar involves the definition of a crime of violence under the sentencing guidelines, which are advisory and not underpinned by the same federal code definition in question. The Supreme Court also has explicitly held that vagueness challenges do not apply to the guidelines. *See United States v. Beckles*, 137 S. Ct. 886, 894-95 (2017) ("the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause"). Therefore, Tejada's argument fails on this point.

Where a criminal defendant seeks "decreased punishment, he or she has the burden of showing the circumstances warrant that decrease." *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992). Here, Tejada has failed to meet his burden of establishing "extraordinary and compelling" circumstances. *Brooker*, 976 F.3d at 237.

## CONCLUSION

For the foregoing reasons, the defendant's motion for compassionate release or a sentence reduction under 18 U.S.C. 3582(c)(l)(A) is DENIED.

**SO ORDERED.**

        /S/ Frederic Block_____
        FREDERIC BLOCK
        Senior United States District Judge

Brooklyn, New York
December 27, 2022